# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE W. BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-1175-HE ) |
| GARFIELD CO. JAIL; JERRY NILES, Sheriff; et al., | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, has initiated the present action under 42 U.S.C. § 1983. United States District Court Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). For the reasons that follow, the undersigned recommends that the Court deny Plaintiff's motions to proceed in forma pauperis and order him to pay the full $400.00 filing fee.

**I.    Analysis.**

Plaintiff filed an application for leave to proceed in forma pauperis on November 1, 2013, Doc. 2, and asked the Court to grant it because Garfield County Jail officials would not present him with a "supporting affidavit." Doc. 3, at 1-2. The undersigned ordered Plaintiff to cure his application, indicating that it is missing: (1) financial information and/or the signature of an authorized officer at his penal institution, and (2) a certified copy of

Plaintiff's institutional accounts statement for the six-month period preceding the complaint's filing. Doc. 7. In response, Plaintiff alleged that Garfield County Jail officials refused to supply the requested information. Docs. 8, 10. The undersigned then reminded Plaintiff that it is his responsibility to cure the deficiencies and recommended that he present the Court's orders to Garfield County Jail officials so that they may provide him with the necessary information. Docs. 9, 11.

Plaintiff responded with another set of motions, alleging for the first time that officials *did* provide him with the necessary information but claiming that they removed the documents from his legal mail so as to prevent him from meeting his "time limits." Doc. 12, at 2; *see also* Doc. 14, at 1. The undersigned issued another order, noting that Plaintiff's unverified allegations seem "implausible." Doc. 15, at 2. The undersigned reasoned, for example, that the Court is receiving a constant stream of Plaintiff's other filings and questioned why officials would take the time to supply Plaintiff with the financial information if they did not intend to mail it. *Id*. The undersigned then ordered:

> For the final time, the Clerk of the Court is directed to send Plaintiff any necessary forms for curing [his] application to proceed in forma pauperis. Plaintiff shall present Garfield County Jail officials with the necessary documents and a copy of this order. Once officials complete the documents, Plaintiff shall mail them to this Court within twenty days of this order. Plaintiff's failure to cure the deficiencies, or alternatively, to present more convincing evidence that Garfield County Jail

> officials are intentionally interfering with the process, shall result in [an unfavorable recommendation].

*Id.*

Plaintiff has now filed another application for leave to proceed in forma pauperis, Doc. 17, and has attached the requested signature from a Garfield County Jail official. *Id.* at 2-4. However, he has presented an institutional accounts statement that is over three years' old and includes only two dates, October 13 & 14, 2010. *Id.* at Ex. 1, at 1. Plaintiff gives no explanation for his failure to provide a current institutional accounts statement, and in his accompanying "Motion to Cure Def[icie]ncies," he simply complains that officials are reading his legal mail. Doc. 16.

The undersigned has provided Plaintiff with numerous opportunities to cure his applications, sufficiently explain his difficulties, or present verified evidence showing that Garfield County Jail officials are intentionally interfering with the process. Plaintiff has failed in each respect. Further, the undersigned judicially notices that in the last year alone, at least four other pro se plaintiffs have obtained and submitted the proper documentation from Garfield County Jail officials in support of their applications to proceed in forma pauperis. *See Mejia v. Garfield County Jail*, CIV-13-1367-R, Doc. 8, at 3-6; *Montgomery v. Garfield County Jail*, CIV-13-1312-D, Doc. 6, at 3-4 & Ex.

1, at 1-2; *Bowler v. Garfield County Detention Facility*, CIV-13-894-C, Doc. 7, at 1-3; *Failes v. Garfield County Detention Facility*, CIV-13-638-HE, Doc. 2, at 3-7. For these reasons, the undersigned recommends that the Court deny Plaintiff's motions to proceed in forma pauperis.

## II. Recommendation and notice of right to object.

Despite being granted numerous opportunities, Plaintiff has failed to correct the deficiencies in his motions to proceed informa pauperis, and the undersigned recommends that the Court deny those motions. Docs. 2, 17. To that end, the Court should order Plaintiff to pay the full $400 filing fee within twenty days from the date of any order adopting this report and recommendation, and should caution him that failure to pay the filing fee will result in the Court dismissing the action without prejudice.

Plaintiff is advised of his right to file an objection to the report and recommendation with the Clerk of this Court by February 13, 2014 in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

IT IS SO ORDERED this 24th day of January, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE